UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY CARTWRIGHT,<br><br>        Petitioner,<br><br>    v.<br><br>DONNY YOUNGBLOOD<br>Kern County Sheriff,<br><br>        Respondent. | 1:10-cv-00839-AWI-JLT HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On May 13, 2010, Petitioner filed the instant petition for writ of habeas corpus, challenging the order of the Kern County Superior Court that terminated Petitioner's "reunification services" on October 22, 2008 and terminated Petitioner's parental rights with his children on February 19, 2009. (Doc. 1). The petition also challenges the state appellate court's refusal to correct the Superior Court's rulings. (Id.). Petitioner contends that he was not given proper notice of the October 22, 2008 hearing and that, while in pre-trial detention in the Kern County jail, he attended a court hearing on February 19, 2009 after which Petitioner's parental rights were terminated. (Doc. 1, p. 10). Petitioner contends that his due process rights were

violated by the state court and his attorney in failing to give him proper notice of these hearings. (Id.). Petitioner also argues that the state court order terminating his parental rights should be modified. (Id., p. 18).

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990).  A district court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. S § 2254(a).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, or pursuant to the Respondent's motion to dismiss, or after an answer to the petition has been filed.

B.  Lack Of Habeas Jurisdiction Over Child Custody Or Parental Rights Issues.

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim. Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Instead, Petitioner maintains that the state courts failed to give Petitioner proper notice of two hearings divesting Petitioner of parental rights and "reunification services." Petitioner also maintains that his attorneys in those proceedings provided ineffective assistance in failing to give sufficient notice to Petitioner of those hearings that Petitioner could appear at those hearings. Such claims do not invoke the habeas jurisdiction of this Court.

Federal courts are to decline jurisdiction of cases concerning domestic relations. See, e.g., In re Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53 (1890); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983). Specifically, the United States Supreme Court has held that habeas corpus relief is not available to challenge a state court's decision on parental rights or child custody. Lehman v. Lycoming County Children's Services, 458 U.S. 502, 511-12, 102 S.Ct. 3231, 3237-38 (1982); see also Roman-Nose v. New Mexico Dep't of Human Services, 967 F.2d 435, 436 (10th Cir.1992). Reasoning that state-ordered child custody does not raise the concerns and restrictions customarily associated with habeas corpus relief, the Supreme Court in Lehman stated: "[t]he federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns." Id. at 516.

Here, Petitioner does not challenge the fact or duration of his present confinement. Since the only relief this Court can afford a habeas petitioner is an order granting him his freedom, the Court, in a federal habeas proceeding, necessarily lacks both the jurisdiction to intervene in a California court's decisions regarding parental rights and the power to correct the mistakes, if

1  any, committed by those state courts in domestic relations proceedings.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice for lack of habeas jurisdiction and failure to state a claim upon which habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 11, 2010**                              **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE